IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOELLA MARIE EDWARDS, | ) | CIVIL NO. 12-00023 SOM/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING TRADE |
| vs. | ) | PUBLISHING LTD.'S MOTION TO |
| | ) | ENFORCE SETTLEMENT AGREEMENT |
| TRADE PUBLISHING LTD.; and | ) | |
| RON JACOBS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING TRADE PUBLISHING LTD.'S
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**I.      INTRODUCTION.**

Plaintiff Joella Marie Edwards claims that Defendants violated her copyright and seeks damages for that alleged violation, as well as for emotional distress allegedly inflicted and negligence. See Verified Complaint, Jan. 11, 2012, ECF No. 1.

Defendant Trade Publishing Ltd. filed a motion to enforce a settlement agreement resolving Edwards's claims against Trade Publishing. See ECF No. 28. Trade Publishing says that Edwards agreed to dismiss her claims, but then refused to sign the settlement documents, leading her attorneys to withdraw from the case on the ground that they believed Edwards was reneging on her agreement to settle the case. See ECF No. 28.

The motion to enforce settlement agreement was originally set for hearing on August 21, 2012. See ECF No. 30.

At that hearing, the court determined that an evidentiary hearing on the matter would be helpful to determine some of the issues in the case. The evidentiary hearing, with Edwards appearing by videoconference, was set for September 10, 2012. See ECF No. 38. That evidentiary hearing was continued a number of times to accommodate Edwards's family medical emergencies.

As the continued hearing date of March 25, 2013, approached, court staff made numerous attempts to obtain confirmation from Edwards that the hearing would finally proceed as planned. See ECF No. 74. In a minute order issued on March 19, 2013, the court informed Edwards that, unless it received confirmation by March 21, 2013, that she was going to appear at the hearing scheduled for March 25, 2013, the court would cancel the hearing and rule on the motion based on the papers before it. Id. The court warned Edwards that, because she had filed no opposition to the motion, if Edwards did not appear at the hearing and introduce evidence, the court would be "highly likely" to grant the motion to enforce settlement. Id.

When the court did not timely receive a response from Edwards, it cancelled the hearing. See ECF No. 75. The court, however, gave Edwards one last chance to contact the court, given her previous family medical emergencies. The court told Edwards that, if it received no response by 10:00 a.m. on March 25, 2013, it would deem the record to be complete and would rule on the

motion.  Id.  Having received no response from Edwards, the court grants the motion.

**II.        BACKGROUND.**

On May 23, 2012, counsel for Edwards, Eric A. Seitz, along with others in his office, held a teleconference with Edwards.  See Declaration of Eric A. Seitz ¶ 7, ECF No. 61.  The conversation concerned an email Edwards had sent to Ron Jacobs, ECF No. 43.  This email was damaging to her case because Edwards appeared to be happy with the book that she now says infringes on her copyright.  The email indicated that the book had been published with her permission.  See ECF No. 43.  Edwards gave Seitz oral authorization during that conversation to settle the present case.  See Seitz Decl. ¶ 7.

The following day, Seitz sent Edwards a letter confirming their conversation.  The letter described Seitz's and Edwards's discussion of the damaging email and the likelihood Edwards would not recover anything if this case proceeded.  The letter then confirmed Seitz's suggestion, made during the conversation on May 23, 2012, that Edwards settle the case.  The letter then stated that the most likely settlement would be in the form of an apology and said, "You agreed to this suggestion and asked that I pursue settlement."  It notes, "If the foregoing does not properly set forth our discussion and agreement, please

notify me in writing immediately.  I will keep you appraised of all settlement negotiations."  See ECF No. 56.

On May 23, 2012, the day of his conversation with Edwards, Seitz contacted counsel for Trade Publishing, Joachim P. Cox, suggesting that the parties settle their dispute for a certain amount, pending approval by Edwards.  See Decl. of Joachim P. Cox ¶ 4, ECF No. 27-6 at PageID #214, July 10, 2012 (sealed document).

The following day, May 24, 2012, Seitz sent an email to Cox.  The email stated that Seitz had authority from Edwards to settle the case "along the lines we discussed yesterday."  Seitz told Cox that he wanted to get Edwards a certain amount, but was willing to go much lower.  See ECF No. 27-6, PageID #225 (sealed document); ECF No. 44, PageID #363 (redacted version of document).

Cox responded via email that same day, May 24, 2012, saying that the settlement discussed was for an amount different from the amount stated in Seitz's email of May 24, 2012.  Cox further stated, "If Ms Edwards is in the position to offer [the original settlement amount], please make it  it [sic] will receive careful consideration . . . ."  See ECF No. 27-6, PageID #224 (sealed document); ECF No. 44 (redacted version of the document).   Minutes later, Seitz sent Cox an acceptance email.  See id.

Minutes after that, Cox responded, stating the terms of the settlement and seeking confirmation of those terms. ECF No. 27-6, PageID #223 (sealed document); ECF No. 44, PageID # 361 (redacted version of the document).

Seitz promptly emailed Cox that confirmation, saying "That is our offer, but I will need to work out a letter with Jacobs' counsel as part of a package deal." ECF No. 27-6, PageID #223. ECF No. 27-6, PageID #223 (sealed document); ECF No. 44, PageID # 361 (redacted version of the document).

Trade Publishing accepted the settlement offer. See Email from Cox to Seitz, May 30, 2012, ECF No. 27-6, PageID #229 ("This email confirms our call this afternoon in which I advised that Trade accepts plaintiff's settlement offer"); Cox. Decl. ¶ 7.

On May 31, 2012, Cox sent Seitz a draft settlement agreement and a stipulated dismissal. See Cox Decl. ¶ 8.

On June 5, 2012, Seitz told Cox that Seitz had reviewed the settlement agreement and was forwarding it to Edwards with a recommendation that she sign it in the "present form." See Cox Decl. ¶ 10. Trade Publishing signed the Settlement Agreement and Release that day. See ECF No, 27-6, PageID # 243; Cox Decl. ¶ 10.

On June 19, 2012, Seitz notified Cox that Edwards was refusing to sign the settlement agreement. See Cox Decl. ¶ 14;

ECF No. 27-6, PageID # 252.  Cox asked Seitz to let Edwards know that Trade Publishing would be filing a motion to enforce the settlement agreement and would be seeking fees and costs for doing so.  Id.

On June 27, 2012, Cox asked Seitz whether Edwards was still refusing to sign the settlement agreement.  Seitz told Cox that she was.  See Cox Decl. ¶¶ 15-16.

**III.      ANALYSIS.**

It is "well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co., 22 F.3d 954, 957 (9th Cir. 1994).

To determine whether to enforce a settlement agreement, this court applies state contract law principles.  O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004).  Under Hawaii law, "Where the evidence in the record shows that all the essential elements of a contract are present, a compromise agreement among the parties in litigation may be approved by the court and cannot be set aside except on grounds that would justify rescission."  Miller v. Manuel, 9 Haw. App. 56, 63, 828 P.2d 286, 291 (1991).  Hawaii courts have stated that, "in the absence of bad faith or fraud, when parties enter into an

agreement settling and adjusting a dispute, neither party is permitted to repudiate it."  Id.

In determining whether to enforce a settlement agreement, courts may utilize a procedure analogous to the one used in determining a motion for summary judgment.  See Miller, 9 Haw. App. at 64, 828 P.2d at 291.  If there is no dispute as to the existence of a complete settlement agreement, a court may enforce the agreement.  However, when material facts concerning the existence or terms of a settlement agreement are in dispute, a court must hold an evidentiary hearing.  See Doi v. Halekulani, 276 F.3d 1131, 1138 (9th Cir. 2002) ("Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." (quotation marks and citation omitted)); Moran v. Guerreiro, 97 Haw. 354, 371, 37 P.3d 603, 620 (Ct. App. 2001) ("If there is a question of fact as to the existence of a mutual, valid, and enforceable settlement agreement, an evidentiary hearing must be held."); Miller, 9 Haw. App. at 64-65; 828 P.2d at 292.

This court attempted to hold an evidentiary hearing because Edwards appeared to be disputing that she had agreed to settle this case.  However, after the hearing was continued multiple times at Edwards's request, Edwards still has filed no written opposition to the motion and has failed to respond to multiple attempts by the court to confirm that she would appear

7

and present evidence at the scheduled evidentiary hearing. Having been thwarted by Edwards's behavior, the court is forced to rule on the matter without the benefit of an evidentiary hearing.  Under these circumstances, the court deems Edwards to have abandoned any previously stated position concerning the settlement or lack thereof.  The court deems the facts presented by Trade Publishing and Seitz to be true because they have been unopposed by Edwards and because there is no admissible evidence in the record to call their accuracy into question.  Based on the undisputed facts set forth above, the court finds that the parties had an enforceable settlement agreement as set forth in Cox's email of May 24, 2012.  That is, Edwards and Trade Publishing agreed to all material terms necessary to settle this case between them.

The court also determines that, under the circumstances presented here, no one is disputing that Seitz had sufficient written authority to settle this matter.  Section 605-7 of Hawaii Revised Statutes requires attorneys seeking to settle cases to have "special authority in writing" from the client before doing so.  In the present case, it is undisputed that Seitz had a conversation with Edwards in which she orally authorized him to settle this matter.  Seitz then confirmed that conversation with a letter, telling Edwards that she should notify him immediately if Seitz had not properly described their conversation.  Because

there is no evidence in the record indicating that Edwards did not receive that communication, and because Edwards has submitted no evidence indicating that the written confirmation letter was incorrect, the court determines that it is undisputed that section 605-7's written settlement authority requirement was substantially satisfied under the limited circumstances presented here.

**IV.     CONCLUSION.**

The court grants the motion to enforce settlement agreement.  Trade Publishing is directed to submit the stipulated dismissal agreed to by the parties no later than April 10, 2013.

This leaves for adjudication only the claims asserted against Defendant Ron Jacobs.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 27, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Edwards v. Trade Publishing, Ltd., Civ. No. 12-00023 SOM/BMK; ORDER GRANTING TRADE PUBLISHING LTD.'S MOTION TO ENFORCE SETTLEMENT AGREEMENT